**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| SHAMIKA HARRIS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. 2:25-cv-00239 |
| | § | |
| CORPUS CHRISTI STATE | § | |
| SUPPORTED LIVING CENTER, and | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT TEXAS HEALTH AND HUMAN SERVICES COMMISSION'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Texas Health and Human Services Commission ("Defendant" or "HHSC"), files this Original Answer to Plaintiff Shamika Harris's ("Plaintiff" or "Harris") Complaint. *See* Doc. No. 1.

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in Plaintiff's Complaint except for those expressly admitted herein. In several instances, Defendant has identified statements in the Complaint that are legal conclusions or non-factual statements rather than factual assertions. No response to such legal conclusions or non-factual statements is required.

However, if such response is required, Defendant denies such legal conclusions and non-factual statements. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiff's Complaint. Those titles and headings are reproduced in this Original Answer for organizational purposes only, and Defendant does not admit any matter

contained in them. Defendant states that the first sentence of Plaintiff's unnumbered introductory paragraph is a directive that requires no response. Defendant responds to the specifically numbered allegations of the Complaint as follows:

## I.    NATURE OF THIS ACTION

1.    This paragraph asserts a legal argument or conclusion to which no response is required.

## II.    PARTIES

2.    Admit only Plaintiff was employed by Texas Health and Human Services Commission (HHSC) and worked at the Corpus Christi State Supported Living Center (SSLC). Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations.

3.    Deny that Corpus Christi SSLC is an employer under Title VII. Admit that HHSC is the only proper Defendant in this action.

4.    Admit Corpus Christi SSLC is a State Supported Living Center which is overseen by HHSC. Deny that Corpus Christi SSLC is a proper defendant.

5.    Admit.

6.    Deny "Corpus Christi" is a proper Defendant. Admit that HHSC is the only proper Defendant in this action and will be referred to as such.

## III.    JURISDICTION AND VENUE

7.    This paragraph asserts a legal argument or conclusion to which no response is required.

8.    This paragraph asserts a legal argument or conclusion to which no response is required.

9.    This paragraph asserts a legal argument or conclusion to which no response is required.

10.    Admit.

11.    Admit.

12. This paragraph asserts a legal argument or conclusion to which no response is required.

13. This paragraph asserts a legal argument or conclusion to which no response is required.

## IV. <u>FACTUAL BACKGROUND</u>

14. Admit.

15. Admit Plaintiff was promoted to the position of Inspector V on July 18, 2022, and her annual compensation was $39,564.24 at that time.

16. Admit that Plaintiff applied to multiple positions in September 2023; deny that any position applied for was titled "Home Supervisor."

17. Deny that Plaintiff reported to Franklin Ballard. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

18. Admit that Plaintiff applied to the position of Plant Maintenance Manager on October 20, 2023.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

21. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

22. Admit.

23. Admit.

24. Deny.

25. Admit.

26.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

27.     Deny.

28.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

29.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

30.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

31.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

32.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

33.     Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph and therefore denies same.

34.     Deny.

35.     Deny.

36.     Admit that Defendant did not select Plaintiff for the role of Plant Maintenance Manager and that Luis Rodriguez was hired for the job. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and therefore denies same.

37. Defendant denies it engaged in any unlawful activity. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and therefore denies same.

38. Admit that on August 1, 2024, Plaintiff assumed the role of Direct Support Professional (DSP) IV.

39. Admit that the salary for the Plaint Maintenance Manager was higher that that of DSP IV. Deny the remaining allegations in this paragraph.

40. Admit.

41. Admit.

42. Deny.

43. Deny.

44. Defendant lacks sufficient knowledge or information to form a belief about whether Plaintiff is or was willing or able to work. Defendant denies the remaining allegations of this paragraph and further denies that Plaintiff was constructively discharged.

45. Defendant engaging in any unlawful activity. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph and therefore denies same.

### V. CAUSES OF ACTION

### COUNT I

46. In response to Plaintiff's incorporation by reference of all preceding paragraphs, HHSC incorporates by reference its responses to all preceding paragraphs.

47. Admit that Plaintiff was employed by HHSC not CCSSLC.

48. This paragraph asserts a legal argument or conclusion to which no response is required.



49.    Admit.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    HHSC denies the allegations in this paragraph and further denies that it is liable to Plaintiff for any damages or other relief.

56.    HHSC denies the allegations in this paragraph and further denies that it is liable to Plaintiff for any damages or other relief. Defendant lacks sufficient knowledge or information as to Plaintiff's mental state and therefore denies same.

## COUNT II

57.    In response to Plaintiff's incorporation by reference of all preceding paragraphs, HHSC incorporates by reference its responses to all preceding paragraphs.

58.    Admit that Plaintiff was employed by HHSC, not CCSSLC.

59.    This paragraph asserts a legal argument or conclusion to which no response is required.

60.    Admit.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.     HHSC denies the allegations in this paragraph and further denies that it is liable to Plaintiff for any damages or other relief.

67.     HHSC denies the allegations in this paragraph and further denies that it is liable to Plaintiff for any damages or other relief.

68.     HHSC denies the allegations in this paragraph and further denies that it is liable to Plaintiff for any damages or other relief.

69.     HHSC denies the allegations in this paragraph and further denies that it is liable to Plaintiff for any damages or other relief. Defendant lacks sufficient knowledge or information as to Plaintiff's mental state and therefore denies same.

## VI.     **ANSWER TO PRAYER**

HHSC denies the allegations in the Prayer of the Complaint and further denies that it is liable to Plaintiff for any damages or other relief.

## VII.     **JURY TRIAL DEMANDED**

Defendant denies that Plaintiff is entitled to the relief requested.

## VIII.     **DEFENSES**

Defendant asserts the following affirmative and other defenses to which it may be entitled:

1.     Defendant had legitimate, non-retaliatory reasons for all actions affecting Plaintiff that she contends were unlawful.

2.     Defendant's actions relevant to this suit were done in good faith and without malice, willfulness, or intent. Any challenged action taken against Plaintiff was reasonably necessary to business or governmental operations.

3.     Defendant asserts the defenses of the Eleventh Amendment immunity and sovereign immunity from suit and liability for all claims to which these defenses apply.

4.     Plaintiff's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

5.     Compensatory damages in this matter, if any, are subject to the applicable statutory damages cap provided by state and federal law.

6.     Subject to further discovery, Plaintiff's damages are limited by the doctrine of after-acquired evidence.

7.     Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies and thus failed to meet all conditions precedent and statutory prerequisites.

8.     Plaintiff's claims are barred to the extent she relies upon any acts, events, allegations, or claims that fall outside the applicable statute of limitations period or the 300-day period prior to her charge.

9.     Defendant asserts Plaintiff has failed to mitigate her damages, if any.

10.    Defendant reserves the right to amend or supplement these affirmative defenses as this case proceeds.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant any and all other relief to which the Court may determine they are entitled.

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Scott D. Smith*
SCOTT D. SMITH
Assistant Attorney General
Texas Bar No. 24011874

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711–2548
Telephone: (512) 917-3132
Division Fax: (512) 477-2348
Email: scott.smith@oag.texas.gov

***Counsel for Defendants Texas Health
and Human Services Commission,
and Corpus Christi State Supported
Living Center***


## CERTIFICATE OF SERVICE

I certify that that on November 3, 2025, 2025, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.


*/s/ Scott D. Smith*
SCOTT D. SMITH
Assistant Attorney General