IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **Shamika Harris,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:25-cv-00239 |
| | § | |
| **Corpus Christi State Supported Living Center, et al.** | § | |
| | § | |
| **Defendants.** | § | |

### JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.

   **The Rule 26(f) meeting was held on November 14, 2025. Attendants are listed below:**
   - **Justin S. Abbarno, Esq. on behalf of Plaintiff Shamika Harris.**
   - **Scott D. Smith, Esq. on behalf of Defendant Texas Health and Human Services Commission.**

2. List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.

   **Not applicable.**

3. <u>Briefly</u> describe the pertinent facts and legal theories upon which the present action is based.

   **This case arises from claims of alleged employment discrimination against Plaintiff Shamika Harris by Defendant resulting in economic and non-economic damages. Plaintiff claims that she was passed over for a promotion in favor of a non-black counterpart due to her race.**

4. Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.

   **Plaintiff contents that this Court has federal subject matter jurisdiction over Plaintiff's Title VII and Section 1981 claims. Jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1343.**

   **Defendant does not waive its rights and remedies regarding lack of subject matter**

       **jurisdiction under the Eleventh Amendment.**

5. List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation. In diversity jurisdiction cases, this item is intended to trigger the disclosure requirement of TEX. CIV. PRAC. & REM. CODE § 33.004(d) (effective September 1, 2011) and TEX. R. CIV. P. 194.2(b).

    **Not applicable.**

6. List any anticipated interventions.

    **Not applicable.**

7. If this is a class action, describe any issues regarding certification of the class.

    **Not applicable.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

    **The Parties have not yet made their initial disclosures. The Parties will do so on or before December 10, 2025.**

9. Describe the proposed discovery plan the parties have agreed upon, including:

    A. Responses to the matters raised in Rule 26(f).

    **The Parties do not anticipate any disputes concerning electronic or other discovery. To the extent they arise, the Parties will promptly meet and confer to try and resolve the dispute and, if necessary, will bring it to the Court's attention.**

    B. When and to whom Plaintiff(s) anticipate(s) sending interrogatories.

    **Plaintiff intends to propound interrogatories upon Defendants no later than January 15, 2026.**

    C. When and to whom Defendant(s) anticipate(s) sending interrogatories.

    **Defendants intend to propound interrogatories upon Plaintiff no later than January 15, 2026.**

    D. When and from whom Plaintiff(s) anticipate(s) taking oral depositions.

    **At this time, Plaintiff anticipates taking oral depositions of Franklin Ballard,**

        **Lauren Arispe, Melissa Gongawre, Laura Braley, and any and all individuals identified by the Defendants as deponents in this case. Plaintiff reserves the right to name additional deponents throughout discovery in this action.**

    E.    When and from whom Defendant(s) anticipate(s) taking oral depositions

        At this time, Defendant anticipates taking the oral deposition of Plaintiff. Defendant reserves the right to name additional deponents throughout discovery in this action.

    F.    When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

        **Plaintiff anticipates being able to designate experts and provide the reports required by Rule 26(a)(2)(B) by April 2026.**

        **Defendant anticipates being able to designate responsive experts and provide their reports within 60 days of receipt of Plaintiff's expert reports.**

    G.    List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.

        **Plaintiff anticipates completing depositions of Defendants' responsive experts within 30 days of receipt of their reports.**

    H.    List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.

        **Defendant anticipates completing depositions of Plaintiff and any of Plaintiff's designated experts in or around April 2026.**

10. If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.

    **Not applicable.**

11. Specify the discovery, beyond initial disclosures, that has been undertaken to date.

    **Not applicable.**

12. State the date the planned discovery can reasonably be completed.

    **The Parties anticipate that discovery can reasonably be completed by September 2026.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.

    **The Parties have discussed the possibility of a prompt resolution of this case during the Rule 26 Conference and agree that this case may be suitable for mediation following the completion of discovery.**

    **Plaintiff anticipates submitting a settlement demand within 60 days of the Initial Pretrial Conference.**

14. If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)

    **No.**

15. State whether a jury demand has been made, and if so, whether it was made on time.

    **Yes.**

16. Specify the combined total number of hours it will take both parties to present the evidence in this case.

    **The Parties predict that the total number of hours it will take both parties to present the evidence in this case will be between 15-20 hours. The Parties reserve the right to supplement this Answer throughout discovery in this case.**

17. List pending motions that could be ruled on at the Initial Pretrial Conference.

    **Not applicable.**

18. List other pending motions.

    **Not applicable.**

19. Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.

    **The Parties are not aware of any matters that deserve the special attention of the Court at the Initial Pretrial Conference at this time.**

20. Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.

**Plaintiff filed her Certificate of Interested Persons on September 19, 2025.**

**Defendant intends to file its Certificate of Interested Persons prior to November 27, 2025.**

21. List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and pro se parties.

   **<u>Plaintiff</u>**

   **Justin S. Abbarno**
   **Texas Bar No. 24127438**
   **8160 Norton Parkway, Third Floor**
   **Mentor, Ohio 44060**
   **Tel.:   (440) 953-8888**
   **Fax:   (440) 953-9138**
   **jabbarno@dicellolevitt.com**

   **<u>Defendant</u>**

   **Scott D. Smith**
   **Texas Bar No. 24011874**
   **OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
   **General Litigation Division**
   **P.O. Box 12548, Capital Station**
   **Austin, Texas 78711-2548**
   **Tel.:   (512) 917-3132**
   **Fax:   (512) 477-2348**
   **scott.smith@oag.texas.gov**

*By each of our signatures below, Counsel represent that each understand that the Court will rely on these representations in entering its Scheduling Order.*

| /s/ | |
|---|---|
| Justin S. Abbarno | Date |
| State Bar No. 24127438 | |
| **DiCELLO LEVITT LLP** | |
| 8160 Norton Parkway, Third Floor | |
| Mentor, Ohio 44060 | |
| Tel.:   (440) 953-8888 | |
| Fax:   (440) 953-9138 | |
| jabbarno@dicellolevitt.com | |

*Counsel for Plaintiff*

| | |
|---|---|
| /s/ | |
| SCOTT D. SMITH | Date |
| Assistant Attorney General | |
| Texas Bar No. 24011874 | |

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
General Litigation Division
P.O. Box 12548, Capital Station
Austin, Texas 78711-2548
Telephone: (512) 917-3132
Division Fax: (512) 477-2348
Email: scott.smith@oag.texas.gov

***Counsel for Defendant Texas Health and Human Services Commission***